COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


EUGENE KORANTENG

                                        MEMORANDUM OPINION[*]
v.    Record No. 1868-98-4                   PER CURIAM
                                         NOVEMBER 17, 1998
FEDERAL EXPRESS CORPORATION AND
 ALEXSIS RISK MANAGEMENT SERVICES, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Joseph T. Trapeni, Jr.; Trapeni, Romero &
                Morrison, on brief), for appellant.
                Appellant submitting on brief.

                (Christopher M. Kite; Frith, Anderson &
                Peake, on brief), for appellees.  Appellees
                submitting on brief.


        Eugene Koranteng ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying his claim

for benefits seeking an award of temporary total disability

benefits beginning January 29, 1997.  Claimant contends that the

commission erred in finding that he failed to prove that his left

shoulder condition and resulting disability beginning January 29,

1997 were causally related to his compensable November 12, 1995

injury by accident.  Finding no error, we affirm.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

'[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> The evidence introduced by claimant establishes that he was injured while at work in November of 1995.  It is also established that he was treated and apparently recovered.  Subsequently, on January 25, 1997 [sic], the claimant again had trouble with his shoulder while at work.  However, there has been no showing by the claimant, establishing with the requisite degree of certainty, a causal connection between his condition on January 25, 1997 [sic], and the initial injury.
>
> Importantly, there is no statement in the medical documentation asserting a causal connection between the initial injury and the condition for which the claimant now seeks compensation.  Dr. [William A.] Hanff's treatment notes, while establishing a similarity in the conditions, fail entirely to state a linking relationship.  Those notes merely recite the relevant medical history.  Although this analysis might suggest a connection, we find that it is insufficient to establish such a relationship to a "reasonable probability."  We will not substitute our opinion regarding causation

> when the treating physician does not provide
> some basis for that opinion.

The commission's findings are amply supported by the record. No medical evidence established a causal connection between claimant's initial compensable shoulder injury and his symptoms and disability beginning on January 29, 1997. Moreover, it was undisputed that claimant had fully recovered from the initial injury and had returned to work without restrictions on October 15, 1996. Based upon this record, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.